[Civ. No. 7607.   Third Dist.   Mar. 2, 1949.]

LYMAN GILMORE, JR., Respondent, v. PLACER COUNTY BANK (a Corporation) et al., Appellants.

Albert L. Wagner for Appellants.

Fontaine Johnson and K. D. Robinson for Respondent.

THOMPSON, J.—The defendant and cross-complainant, Consolidated Exploration and Mining Company, seeks to be relieved from default in failing to perfect the appeal by preparation and filing of the transcript within the time allowed by rule 10 of Rules on Appeal, or at all, and to reinstate the appeal. Upon notice duly served by plaintiff, at which hearing the defendants failed to appear, this court dismissed the appeal on November 13, 1948, under rule 41(c) of Rules on Appeal on the ground that the appeal was "deemed abandoned." This motion for relief from default and reinstatement of the appeal was heard on affidavits of respective parties. The affidavits are conflicting.

█ The last day for regularly filing a notice of appeal in this case under section 939 of the Code of Civil Procedure was August 29, 1948, but since that was Sunday, we assume the notice, which was filed the following day, was within the statutory time. (Code Civ. Proc., § 12a.) █ No transcript on appeal has been filed. The gist of the averments contained in the affidavits of Spencer and Adamson, filed on this hearing, in excuse for failing to file the transcript within the time allowed by law, is that the latter took a letter addressed to Spencer and signed by Buel R. Wood of Long Beach, California, to the County Clerk of Placer County, where the case was tried, on September 8, 1948, and requested the clerk to prepare a transcript containing the "documents set out in said letter" and that affiant then "had sufficient money wherewith to pay any charge or demand" therefor, but that the clerk "refused to prepare the papers designated in said letter and gave as the reason that there was a dispute with reference as to the filing of said Notice of Appeal." The motion to dismiss the appeal was thereafter duly noticed and made in this court. The affidavit of Spencer acknowledges the service of that notice on appellants. They failed to appear at the hearing, as we have previously stated, and the appeal was dismissed.

The Clerk of Placer County filed a counteraffidavit on this hearing, specifically denying that said Adamson or any other person in behalf of the appellants, or at all, interviewed her on September 8, 1948, or at any other time, regarding the appeal, or requested her to have the transcript prepared, or to furnish an estimate of the costs therefor. She avers that at no time did the appellants or anyone in their behalf request her in writing or otherwise to prepare said transcript or to

estimate the costs thereof. She avers that at no time did she see said letter or talk with Adamson or any other person regarding the preparation of the transcript and that she never told him or any other person that there was a dispute regarding the validity of the notice of appeal.

Seven deputy clerks in that office filed counteraffidavits on this hearing substantially corroborating the essential averments of the clerk regarding the asserted request of appellants for the clerk to prepare the transcript. The court reporter also filed a counteraffidavit averring that he had never been requested to prepare the transcript of the documents in question. The Chief Deputy Clerk, Mary D. Fleming, did aver that she waited on Adamson and Wood, who appeared in the clerk's office in Auburn on November 24, 1948, and asked to inspect the records in the case; that they examined the records and that the only conversation she had with them was that ''Wood made the remark to affiant after examination of the file that 'something went sour in this case,' '' and that no other statement was made.

The counteraffidavits which were filed on this motion are persuasive. At least, in view of the record on this motion, we would not be justified in setting aside the order dismissing the appeal. No extension of time for preparing or filing the transcript was requested or made. Moreover, the appellants were duly notified of the motion to dismiss the appeal, and they failed and neglected to appear or oppose that motion. No excuse is offered by them for that failure.

The motion to vacate the order dismissing the appeal and to reinstate the appeal is denied.

Adams, P. J., and Peek, J., concurred.